# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Katie Danner and Masie Ramsey,**
**Plaintiffs Below, Petitioners**

**FILED**

November 20, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 14-1214** (Jefferson County 12-C-103J)

**City of Charles Town and Jefferson**
**County Commission,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioners Katie Danner and Masie Ramsey, by counsel William V. DePaulo, appeal the order of the Circuit Court of Jefferson County, entered on January 10, 2014, granting summary judgment in favor of respondents. Respondent City of Charles Town appears by counsel Jeffrey W. Molenda and Benjamin P. Warder. Respondent Jefferson County Commission appears by counsel Wendy E. Greve.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners initiated their lawsuit in the Circuit Court of Jefferson County, asserting that Petitioner Danner was injured in February of 2012, when a car driven by Raymond Burcker, a retired Charles Town police officer, struck the car she was driving. When treated for injuries immediately after the accident, Mr. Burcker was determined to have a blood alcohol content level of .230. Petitioner Danner's daughter, Masie Ramsey, approximately eighteen months old at the time of the accident, was a passenger in her mother's car during the collision, but was physically uninjured. Subsequent to the filing of the initial complaint, Mr. Burcker's insurance carrier settled petitioners' claims against him, and Petitioner Danner's insurance carrier paid policy limits on Petitioner Danner's underinsurance coverage claim.

Petitioners' complaint included claims against Respondent City of Charles Town and Respondent Jefferson County Commission, based on petitioners' allegations that city and county police officers "conspired to cover up . . . [Mr.] Burcker's operation of his motor vehicle while speeding and under the influence of alcohol" and that officers completed a false report finding Petitioner Katie Danner at fault for the accident. The causes of action included "conspiracy to deny substantive and procedural due process rights," outrage and intentional infliction of emotional distress, and negligent hiring, supervision, and retention. In September of 2013,

1

petitioners moved to add individual defendants James Bird, a patrolman with the Charles Town Police Department, and Deputy Robert Sell, an officer with the Jefferson County Sheriff's Department.

After the close of discovery, respondents filed motions for summary judgment, and the circuit court granted those motions by order entered on January 10, 2014. Petitioners appealed to this Court.

On appeal, petitioners assert four assignments of error, which we summarize as follows: that the circuit court (1) erred in resolving factual disputes in favor of respondents; (2) incorrectly applied "the public duty doctrine" in order to "insulate" respondents from liability; (3) incorrectly rejected petitioners' claims for damages for civil rights violations and intentional infliction of emotional distress after confusing those causes of action with the negligence claim against Mr. Burcker; and (4) incorrectly stated, in the order granting summary judgment, that petitioners' prior motion to join individually-named police officers as defendants was denied prior to the court's consideration of the summary judgment motion.

This Court has consistently held that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). We have further explained that

> "'[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syllabus Point 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992).

Syl. Pt. 2, *Painter*, 192 W.Va. at 190, 451 S.E.2d at 756. When we consider the matter before us, we are cognizant that "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." Syl. Pt. 3, *Id*. at 190, 451 S.E.2d 756. Guided by these standards, we proceed to consider petitioners' assignments of error.

We begin with petitioners' first assignment of error, wherein they argue that the circuit court, contrary to the tenets of summary judgment resolution, made factual determinations favoring respondents. Specifically, petitioners suggest "that Anthony Mancine, a police officer directly involved in the investigation, blew the whistle on his fellow police officers['] misconduct. . . ." This dispute arises from the contrast between the testimony of Tara Stitely, Petitioner Danner's mother, stating that Sgt. Mancine telephoned to inform her that Mr. Burcker was a former police officer and "that he felt that it was not being handled correctly, that [Ms. Stitely] should get a lawyer immediately" and Sgt. Mancine's denial of the same. Petitioners further allege "the additional fact that Deputy Sheriff Robert Sell, the officer who altered the police report to exonerate Burcker and assign [Petitioner] Danner liability for the motor vehicle accident, conceded he had no evidentiary basis for his findings." Deputy Sell, a specially-trained accident reconstructionist, determined in his investigation that Petitioner Danner failed to yield

2

the right-of-way when turning left, and that she was at fault in the accident. Deputy Sell's determination was contrary to the initial impression of Patrolman James Bird. Patrolman Bird testified that when he began investigating the accident, he believed Mr. Burcker had driven off the roadway, then had re-entered the roadway and struck the car driven by Petitioner Danner.

As noted above, the circuit court's role in ruling on a party's motion for summary judgment is to determine whether there is a genuine issue of fact. We have further explained:

> Roughly stated, a "genuine issue" for purposes of West Virginia Rule of Civil Procedure 56(c) is simply one half of a trialworthy issue, and a genuine issue does not arise unless there is sufficient evidence favoring the non-moving party for a reasonable jury to return a verdict for that party. The opposing half of a trialworthy issue is present where the non-moving party can point to one or more disputed "material" facts. A material fact is one that has the capacity to sway the outcome of the litigation under the applicable law.

Syl. Pt. 5, *Jividen v. Law*, 194 W. Va. 705, 708, 461 S.E.2d 451, 454 (1995). The facts that petitioners argue are in dispute simply do not have the capacity to sway the litigation and do not present trialworthy issues.

First, each of the officers deposed testified that he did not know of Mr. Burcker's previous employment as a Charles Town police officer until after the accident occurred. Sgt. Mancine testified that he learned Mr. Burcker was a former officer of his department at the accident scene, possibly from Mr. Burcker's wife. Sgt. Mancine further testified that he contacted Ms. Stitely to provide her updates and inquire about Petitioner Danner, and he testified that investigating officers received no pressure about the investigation other than to complete it quickly. Regardless of the content of Sgt. Mancine's communications to Ms. Stitely, there is no evidence that the officers mishandled the accident investigation. Patrolman Bird noted in the accident report his belief that Mr. Burcker had consumed alcohol prior to driving, and ultimately prepared a search warrant and obtained Mr. Burcker's blood test results from the hospital. As a direct result of Patrolman Bird's actions, Mr. Burcker was charged with aggravated DUI. As for Patrolman Bird's initial impression of the accident scene, he himself testified that the main focus of his investigation did not involve the skid mark evidence considered by Deputy Sell. Furthermore, Patrolman Bird's supervisor testified that he would have expected Patrolman Bird to defer to Deputy Sell's opinion (which Patrolman Bird did), because Deputy Sell had special training in accident reconstruction. In any event, the officers did not give Petitioner Danner a citation for her part in the accident. Upon consideration of this evidence, we find that the disputes described by petitioners in their first assignment of error do not involve material facts and, even when taken as true, those facts do not constitute evidence supporting the claims set forth in petitioners' complaint. Thus, we find no error.

Next, we consider petitioners' second assignment of error, in which they argue that the "public duty doctrine[,]" applied by the circuit court in its grant of summary judgment, is no longer viable in this state because it was overturned "sub silencio" in *SER Riffle v. Ranson*, 195

3

W.Va. 121, 464 W.Va. 763 (1995).[1] Petitioners aver, with scant explanation, that the legislature's adoption of a "comprehensive statutory scheme" bars common law doctrines including, they say, the public duty doctrine. We find the applicable principle codified at West Virginia Code § 29-12A-5(a)(5), which provides that "[a] political subdivision is immune from liability if a loss or claim results from . . . the failure to provide, or the method of providing, police, law enforcement or fire protection." In addition, we have explained the common law origins of the public duty doctrine:

> The public duty doctrine is that a local governmental entity's liability . . . may not be predicated upon the breach of a general duty owed to the public as a whole; instead, only the breach of a duty owed to the particular person injured is actionable. As a specific example of the public duty doctrine, the duty to fight fires or to provide police protection runs ordinarily to all citizens and is to protect the safety and well-being of the public at large; therefore, absent a special duty to the plaintiff(s), no liability attaches to a municipal fire or police department's failure to provide adequate fire or police protection.

*Randall v. Fairmont City Police Dept.*, 186 W.Va. 336, 346-47, 412 S.E.2d 737, 747-48(1991)(*citing Wolfe v. City of Wheeling*, 182 W.Va. 253, 256, 387 S.E.2d 307, 310 (1989))(footnote omitted). Moreover, the statute and the common law doctrine are, without question, harmonious.

> W.Va. Code [§] 29–12A–5(a)(5)[1986], which provides, in relevant part, that a political subdivision is immune from tort liability for "the failure to provide, or the method of providing, police, law enforcement or fire protection [,]" is coextensive with the common-law rule not recognizing a cause of action for the breach of a general duty to provide, or the method of providing, such protection owed to the public as a whole. Lacking a clear expression to the contrary, that statute incorporates the common-law special duty rule and does not immunize a breach of a special duty to provide, or the method of providing, such protection to a particular individual.

Syl. Pt. 8, *Randall*, 186 W.Va. at 339, 412 S.E.2d at 740.

It is apparent that the circuit court applied the current and relevant test for statutory immunity to its consideration. The circuit court cited West Virginia Code § 29-12A-5(a)(5), as set forth above, as well as our explanation of the doctrine at common law. Then, in considering the relationship of these parallel principles to petitioners' claims, the circuit court specifically found that none of the individual officers' actions were manifestly outside the scope of employment or official responsibilities; that there was no evidence that the actions were done maliciously, in bad faith, or willfully or wantonly; and that there was no evidence of a "special

---

[1] We note that we use syllabus points, as required by our state constitution, "to announce new points of law or to change established patterns of practice by the Court." Syl. Pt. 1, *State v. McKinley*, 234 W. Va. 143, 146, 764 S.E.2d 303, 306 (2014).

relationship" or promise between petitioners and respondents that could give rise to a claim for breach of duty. Inasmuch as our longstanding jurisprudence is not abrogated by statute, and inasmuch further as the circuit court considered petitioners' claims within the appropriate statutory framework, we find that petitioner's second assignment of error is without merit.[2]

Finally, we conclude with petitioners' third assignment of error (argued in a mere two sentences) in which they argue that the circuit court "conflated" their claims against respondents with those against Mr. Burcker,[3] and their final assignment of error (argued in a single sentence) in which they argue that the circuit court either erred in denying their motion to join Deputy Sell and Patrolman Bird as individual defendants or in stating that the motion had been denied previously. We decline to address petitioners' assignments of error for lack of any meaningful supporting argument. As we have repeatedly cautioned litigants, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . .' *State, Dep't of Health & Human Res. v. Robert Morris N.*, 195 W.Va. 759, 765, 466 S.E.2d 827, 833 (1995)(citation omitted)." *State v. White*, 228 W.Va. 530, 547, 722 S.E.2d 566, 583 (2011).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 20, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis

---

[2] To the extent that petitioners have argued, within their second assignment of error, that the doctrine has no application because respondents' officers were acting contrary to the law, rather than simply failing in their duties, we reject this argument for the reasons set forth in our discussion concerning petitioners' first assignment of error.

[3] Again, to the extent that petitioners argue that they have presented evidence to support any of the claims set forth in the second amended complaint, we explicitly reject this argument for the reasons set forth in the body of this decision.